MEMORANDUM *
Tasha Christine Wolf appeals the district court’s denial of her habeas corpus petition.
A jury found Wolf guilty of the first degree murder of Sergio Elizondo and Jose de Jesus Toscano in 1995, as well as guilty of the kidnaping and robbery of the two men. She was sentenced to concurrent sentences of twenty-five years to life for each of these offenses. The Arizona Court of Appeals affirmed her convictions and sentences. After exhausting her state remedies, she brought this habeas petition, which was denied by the district court.
Wolf argues that her right to counsel was violated because her trial counsel based her defense on duress — a defense barred by statute as a defense to murder or to kidnaping or robbery when serious physical injury is involved. A.R.S. § 13-412(C). The state court, taking into account all the facts, found the reliance on the nonexistent defense not to have preju *577 diced Wolf. We cannot say that this fact-bound conclusion was contrary to Supreme Court precedent that constituted the governing exposition of the Constitution at the time of trial. Wolf argues that counsel’s theory of defense led to his failure to attack vigorously the case presented by the state and to his failure to call two jailhouse witnesses whose testimony might have aided her. These arguments do not convince us that the arguable prejudice amounted to violation of the constitution as construed at the time by the Supreme Court. We cannot say that counsel’s strategic choice not to call certain witnesses falls outside “the wide range of reasonable professional assistance” consistent with the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Arizona court’s conclusion that there was “ample evidence to convict” Wolf, notwithstanding any deficiencies in counsel’s performance, is not an objectively unreasonable application of Strickland. [ER 350]
Wolf also presents Miranda issues un-certified for review, which we nonetheless have elected to address — the voluntariness of her confession and denial of her right to counsel. Her confession, made to detectives interrogating her, stated that Dan Lloyd had suggested a plan by which she would call her regular drug dealers to come to her apartment where the two Mexicans would be robbed of their drugs and the cash on their person. “And Dan was going to tie them up and take care of it, put them in the car and drive them out to the river.” According to her confession, Wolf paged the two dealers. They came. She admitted them. Fred Dagenhart (“Hillbilly”), Lloyd’s confederate, hit one of them with a thick stick. Lloyd used a gun to beat them. One of the dealers spat out balloons of heroin. They were tied up and about $500 was taken from them. Wolf and Lloyd then drove to a Target and bought two trash cans with wheels for $50 and brought the cans back. Lloyd and Dagenhart stuffed the two dealers into the cans and covered them with Wolfs dirty laundry. The cans were put in Wolfs ear. She, accompanied by Lloyd, drove her car to the Beeline Highway. They were followed by Dagenhart. They stopped at a drive-through restaurant for refreshments. They drove on and turned off into the desert. She stopped. Lloyd got out and talked to Dagenhart. The two men pulled out the trash cans, and dumped out the two men within them. Lloyd shot them.
Wolfs confession was videotaped. The videotape was shown to the jury. It is earnestly contended on appeal that the confession was obtained despite her request for counsel and that it was obtained coercively by exploiting her condition of heroin withdrawal, a condition known to the interrogators.
As to the right to counsel, Wolf said she wanted an attorney. The interrogators said that they would leave but added that she would have to wait in the detention cell until the attorney came. She at once changed her mind and offered to continue without a lawyer. Under controlling law, her request must be deemed equivocal. Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). Although she also had a constitutional right to silence, no violation of that right is asserted on this appeal.
The voluntariness of her confession was probably affected by her craving for her regular heroin shot. The detectives are alleged to have delayed the questioning, with a four-hour break, in order to take advantage of this weakness.
We are not able to cite a constitutional holding by the Supreme Court that treats as unconstitutional police coercion a deliberate taking advantage of a known craving *578 for a criminally-forbidden drug. Wolf fell into the hands of the police with a weakness they did not create or cater to. Throughout her confession she appeared alert and able to supply details, corrections, and qualifications. At trial, she testified in open court to substantially the same facts. We cannot say that the Arizona Court of Appeals ignored or misapplied the constitutional law governing Wolfs trial. Cf. United States v. Kelley, 953 F.2d 562, 565 (9th Cir.1992).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.